IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02923-BNB

WILLIE BRAXTON,

    Applicant,

v.

TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

    Applicant, Willie Braxton, is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center in Cañon City, Colorado. Mr. Braxton has filed **pro se** an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver District Court case number 03CR2619. The court must construe the application liberally because Mr. Braxton is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Braxton will be ordered to file an amended pleading if he wishes to pursue his claims in this action.

    The court has reviewed the application and finds it is deficient because Mr. Braxton fails to identify clearly what federal constitutional right he contends was violated with respect to each of the three claims for relief he asserts in the application and he

fails to provide specific factual allegations in support of each asserted claim. For example, Mr. Braxton labels his first claim for relief as "Due Process pursuant to Rule 32 Motion to Withdraw Plea" (Doc. #1 at 5) and he alleges the following in support of his first claim:

> Defendant addressed the court before sentence was imposed and stated that he wanted to withdraw his plea and go to trial, it was incumbent on appointed counsel to [e]nsure that defendant['s] right to trial by jury was preserved, this ineffectiveness caused Defendant's constitutional right to a trial by jury to be violated.

(*Id.*) It is not clear whether Mr. Braxton actually is asserting a due process claim challenging the validity of his guilty plea or a claim that counsel was ineffective. If he is asserting a due process claim, he fails to allege specific facts to demonstrate that his plea was invalid. **See Boykin v. Alabama**, 395 U.S. 238, 242-44 (1969). If Mr. Braxton's first claim is an ineffective assistance of counsel claim, he fails to allege specific facts that demonstrate how counsel was ineffective and how he was prejudiced by that alleged ineffectiveness. **See Strickland v. Washington**, 466 U.S. 668, 687 (1984).

Mr. Braxton's second and third claims for relief present similar problems. Mr. Braxton's second claim is postured as a denial of his constitutional right to a jury trial but the factual allegations asserted in support of the claim primarily relate to counsel's failure to be an advocate for Mr. Braxton and an unspecified conflict of interest between counsel and Mr. Braxton. Mr. Braxton's third claim for relief, which is postured as an equal protection claim concerning sentencing, appears to relate to the validity of Mr. Braxton's guilty plea, but he again fails to include specific factual allegations in support

of such a claim. For example, Mr. Braxton refers in the third claim to both coercion and his failure to understand his guilty plea, but he fails to describe specifically how he was coerced or why he did not understand his guilty plea.

For all of these reasons, the court finds that the application does not provide a clear statement of the claims Mr. Braxton is asserting. Therefore, in order to avoid any possible confusion regarding the claims he is raising in this action, Mr. Braxton will be directed to file an amended pleading that identifies clearly the specific constitutional claims he is asserting and that clearly identifies the specific facts that support each individual claim. Mr. Braxton is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Braxton must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Braxton file an amended application that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. Braxton shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Braxton fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED November 16, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge